UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CARLTON T. GALLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-045-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM THOMPSON, JR., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Carlton Gallman is currently incarcerated at the Lee Adjustment Center ("LAC") in Beattyville, Kentucky. Proceeding without an attorney, Gallman has filed a civil Complaint under 42 U.S.C. § 1983. [Record No. 1] By prior Order, the Court granted Gallman's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Record No. 6] Thus, the Court conducts a preliminary review of Gallman's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

A district court will dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). However, the Court evaluates Gallman's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The factual allegations of Gallman's Complaint are somewhat disjointed and difficult to follow. Gallman's claims appear to arise from an incident on December 22, 2020, during which he alleges that Defendant Correctional Officer William Thompson, Jr., made threatening and disparaging remarks, then followed Gallman to his cell to try to provoke him, sprayed him with O/C spray, then ran after Gallman and assaulted him. [Record No. 1] Gallman further alleges that Thompson falsely claimed that Gallman assaulted him. [*Id.*] Gallman then asserts that, two hours later, he was taken to a case worker's office with four officers, including Defendant Cor. Lt. Jayson Kenner, who threatened Gallman, then typed three write-ups (which Gallman refused to sign) stating that Gallman admitted his guilt and waived his right to a disciplinary hearing. [*Id.*]

Gallman claims that he was then placed in isolation for approximately a week and was not allowed to have pen and paper. He states that, when he finally received these items, he filed a grievance, which was denied as untimely because he failed to file it within five days after the December 22 incident. [Record No. 1 at p. 3; Record No. 1-1] Gallman also claims that it takes a week to get a grievance form from prison staff. [Record No. 1 at p. 5]

Gallman next alleges that because Lt. Stamper, the court-call hearing officer, was part of the incident, he wrote to a staff contact asking to have his disciplinary report reinvestigated because of the threats to Gallman, the false reports, and the false claims that he had waived his rights, but the staff contact refused. [Record No. 1 at p. 3] Gallman further asserts that, as of February 6, 2021, he has not received a hearing regarding the December 22, 2020 incident. [*Id.* at p. 5]

Based on the above allegations, Gallman seeks to sue Thompson, Kenner, and CoreCivic (a private corporation that operates the LAC) for assault on a mentally-ill inmate, mistreatment, threats, false reports, being held in isolation with no "seg" allowable, and cruel and unusual punishment.  [*Id*. at p. 4] While Gallman does not directly invoke a specific provision of the United States Constitution, broadly construed, his allegations suggest claims invoking the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment's prohibition of cruel and unusual punishment.  [*Id*.]

After reviewing the Complaint pursuant to 28 U.S.C. §§ 1915, 1915A, the Court finds that, broadly construed, Gallman's allegations of assault by Thompson are sufficient to require a response from Thompson with respect to Gallman's Eighth Amendment claim against him. It is true that Gallman admits that he did not file an administrative grievance with respect to his claim within the 5-day time period apparently allowed by the LAC's grievance procedures. However, he also asserts that the remedy process was unavailable to him, as he was confined without pen or paper and, therefore, had no way to file a grievance during the 5-day period. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions…by a prisoner…until such administrative remedies *as are available* are exhausted.") (emphasis added).  *See also Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016) ("A prisoner need not exhaust remedies if they are not 'available.'").

The Court makes no determination regarding whether Gallman has sufficiently established that administrative remedies were not available to him, such that his Eighth Amendment claim would not be barred by the exhaustion requirement of §1997e(a).  Rather, the Court simply recognizes that, as failure to exhaust administrative remedies is an affirmative

defense, *see, e.g.*, *Jones v. Bock*, 549 U.S. 199 (2007), Gallman's specific allegations in this case regarding his inability to timely file an initial grievance are sufficient to preclude dismissal *sua sponte* on initial screening, as it is not apparent from the face of the Complaint that dismissal is warranted for failure to exhaust administrative remedies. *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017) (*sua sponte* dismissal of a complaint on initial screening "may be appropriate where the prisoner's failure to exhaust is obvious from the face of the complaint.") (citations omitted).   Because Gallman is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will be directed to serve Thompson with a summons and copy of the Complaint on his behalf.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Next, Gallman's Eighth Amendment claims against CoreCivic and Kenner, as well as Gallman's Fourteenth Amendment Due Process claim against all Defendants, will be dismissed.  With respect to the claims against CoreCivic, a private corporation that performs a public function, such as contracting with the state to run its prisons, may be found to act under color of law for purposes of § 1983.  *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991).  Nevertheless, "respondeat superior alone cannot create liability under § 1983."  *Id.* at 748-49.  Rather, for a suit to lie against a private corporation, it must act "pursuant to a policy or custom."  *Id.* at 749.  "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."  *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citations omitted).

-4-

Thus, CoreCivic is only responsible under § 1983 if its employees cause injury by carrying out the corporation's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), and a plaintiff must specify the corporate policy or custom which he alleges caused his injury.  *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).  Gallman has not alleged or identified a policy or custom of CoreCivic that resulted in the alleged violation of a constitutional right, but rather seeks to hold the company liable for the actions of its employees.  Accordingly, Gallman's Complaint fails to state a constitutional claim against CoreCivic or its employees in their official capacities.  *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Gallman's construed Fourteenth Amendment Due Process claim is based on his allegations that Kenner issued three write-ups relating to the December 22 incident, all falsely stating that Gallman admitted guilt and waived his rights to a hearing.  Gallman also complains that he has not yet had a disciplinary hearing related to the incident, despite his requests for a fair hearing.  However, Gallman cannot challenge a disciplinary conviction in a § 1983 action.  Instead, his remedy is to pursue relief under state law and then, if necessary, file a habeas action.  *See Smith v. Corrections Corp. of America*, 5 F. App'x 443, 444-45 (6th Cir. 2001) (discussing *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997)).  Likewise, Gallman is not currently eligible for relief based on a challenge to the sufficiency of the disciplinary procedures that have been afforded to him, absent an allegation that his disciplinary conviction has been overturned.  *See Smith*, 5 F. App'x at 445; *see also*

-5-

*Lee-Bey v. Gundy*, 80 F. App'x 435, 437 (6th Cir. 2003) (citing *Edwards*, 520 U.S. at 646). Thus, Gallman's Fourteenth Amendment Due Process claim will be dismissed.

The remaining Eighth Amendment claim against Kenner is based on allegations that Kenner threatened and cursed at Gallman.  [Record No. 1 at p. 2-3]  However, it is well-established that verbal abuse or general harassment by a prison guard does not constitute cruel and unusual punishment in violation of the Eighth Amendment.  *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding harassment and verbal abuse, while "shameful and utterly unprofessional...[they] do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987).  For these reasons, Gallman's allegations that Kenner acted with general animus towards him are insufficient to state an Eighth Amendment claim.

Accordingly, it is hereby

**ORDERED** as follows:

1.     Plaintiff's construed Fourteenth Amendment claims against all Defendants are **DISMISSED** with prejudice.

2.     Plaintiff's construed Eighth Amendment claims against Jayson Kenner and CoreCivic are **DISMISSED** with prejudice.

3.     Defendants Kenner and CoreCivic **DISMISSED** as parties to this action.

4.     Plaintiff's Eighth Amendment claim against William Thompson, Jr., remains pending.

5.      The Deputy Clerk is directed to prepare a "Service Packet" for service upon Defendant William Thompson, Jr.  This Service Packet shall include:

      a.   a completed summons form;

      b.   the Complaint [Record No. 1];

      c.   the Order granting Plaintiff in forma pauperis status [Record No. 3];

      d.   this Order; and

      e.   a completed USM Form 285.

6.      The Deputy Clerk is directed to deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

7.      The United States Marshals Service is directed to personally serve a Service Packet upon Defendant William Thompson, Jr., at the Lee Adjustment Center, 168 Lee Adjustment Center Drive, Beattyville, Kentucky, 41311, through arrangement with officials at the Lee Adjustment Center.

8.      Gallman must immediately advise the Clerk's Office of any change in his current mailing address.  **Failure to do so may result in dismissal of this case**.

9.      If Gallman wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office.  Every motion Gallman files must include a written certification that he has mailed a copy of it to the Defendants or their counsel and state the date of mailing.  **The Court will disregard letters or other materials sent to the judge's chambers or motions lacking a certificate of service.**

Dated:  February 26, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky